IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Safron Huot, | ) | C/A No. 3:17-1843-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Montana State Department of Child and Family Services; Montana Supreme Court; Deer Lodge County District Court of Montana; Judge Ray Dayton; Cal Boyal; Cindy Johnson; Deer Lodge Medical Center; M.D. Wayne R. Martin; Susanne M. Clague; Ben Krakowka; Susan Day, *P.H.D.*; Dave Fenchak; Mary Jo Fortner; Roger Fortner, | ) ) ) ) ) ) ) ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) ) | |

The plaintiff, Safron Huot, brings this civil action. (ECF No. 1.) The Complaint has been filed pursuant to 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes the Complaint should be summarily dismissed without prejudice and without issuance and service of process.

**I.      Factual and Procedural Background**

Plaintiff appears to seek review of a Montana family court proceeding in which her parental rights were terminated. The Complaint does not contain a specific legal cause of action, but rather a list of grievances she has against various individuals and institutions involved in her family court

matter. Plaintiff seeks damages from the defendants and various forms of injunctive relief, including the reinstatement of her parental rights.[1]

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

---

[1] Plaintiff indicates she sent this Complaint by mail to a federal district court in all fifty states and the District of Columbia. (ECF No. 1-4 at 1.) It is not clear whether Plaintiff intended to file the Complaint in all of these districts simultaneously.



B.     Analysis

The instant case is subject to summary dismissal because Plaintiff fails to demonstrate federal jurisdiction over this matter. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Id. at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in her pleadings. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); see also Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]"

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question" under 28 U.S.C. § 1331, and (2) "diversity of citizenship" pursuant to 28 U.S.C. § 1332. As discussed below, the allegations contained in Plaintiff's Complaint do not fall within the scope of either form of this court's limited jurisdiction. First, federal question jurisdiction requires

the plaintiff to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's allegations do not assert that the defendants have violated a federal statute or constitutional provision, nor is any source of federal question jurisdiction otherwise evident from the face of the pleading. Rather, Plaintiff appers to seek review of a state family court matter. Therefore federal question jurisdiction does not exist in this case.[2]

Second, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 nn. 13-16 (1978). In absence of diversity of citizenship, the amount in controversy is irrelevant. Here, all of the parties are Montana residents or entities. Thus, there is no diversity jurisdiction in this case.

There being no other apparent basis for jurisdiction in the Complaint, the court concludes that this action should be dismissed. See McNutt, 298 U.S. at 189.

---

[2] Moreover even were a federal question presented, the court does not have jurisdiction to review a judgment of a state court. See Gurley v. Superior Court of Mecklenburg Cty., 411 F.2d 586, 587 (1969) (explaining that federal courts have no appellate jurisdiction over state courts). Nor would the court likely interfere in an ongoing matter from a state family court. See generally Kawai v. UaCearnaigh, __ F. Supp. 3d __, Civil Action No. 3:17-00492-MGL, 2017 WL 1364277 (D.S.C. Apr. 14, 2017) (discussing federal abstention from state family court matters pursuant to Younger v. Harris, 401 U.S. 37 (1971)).

PJG

**III.     Conclusion**

Based on the foregoing, the court recommends the Complaint be summarily dismissed without prejudice and without issuance and service of process.[3]

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 11, 2017
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[3] In light of the disposition of this matter, Plaintiff's "motion to set aside adoption and reinstate full parental rights" should be terminated. (ECF No. 4.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).